UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| JENNIFER HUDSON,<br><br>        Plaintiff,<br><br>   v.<br><br>HOME DEPOT, U.S.A., INC., a<br>Delaware Corporation, d.b.a.<br>THE HOME DEPOT,<br><br>        Defendant. | CIV. NO. 1:13-366 WBS<br><br><u>MEMORANDUM AND ORDER RE: MOTION</u><br><u>FOR SUMMARY JUDGMENT</u> |

----oo0oo----

        Plaintiff brought this action against her former employer, Home Depot, alleging Home Depot relied on her Family Medical Leave Act ("FMLA")-qualifying absences as a negative factor in its decision to terminate her employment. Presently before the court is Home Depot's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

I. <u>Factual and Procedural Background</u>

        Home Depot hired plaintiff as a part-time cashier in

1

October 2001.  (Williams Decl. Ex. L ("Hudson Dep.") at 16:10-22, 19:2) (Docket No. 25-1).)  Plaintiff then moved into a full-time special service desk position, in which she served customers picking up special orders, called vendors for updates and price points, offered credit and installations, directed customers to the appropriate associate who could provide assistance, and handled customer complaints.  (Id. at 20:7-12.)

At the time Home Depot first hired plaintiff, it utilized a point system for attendance issues, whereby associates accrued points for absences or tardiness.  (Quanstrom Decl. ¶ 4 (Docket No. 21-29.)  Under this new system, when an employee's absences or tardies exceeded a designated number, he or she would be subject to discipline.  (Id.)  In June 2010, Home Depot changed its policy, abandoning the point system in favor of a more flexible system.  (Id. ¶ 5.)  When an associate had greater than three to five unexcused attendance or punctuality issues within a twelve-month period despite having been warned about the consequences of failing to improve, a manager was supposed to conduct a "final counseling session."  (Id.)  The written policy stated that "there is no policy governing the precise number of days absent or late that will result in disciplinary action because the discipline that is appropriate will vary according to the circumstances."  (Id.)

Plaintiff's mother began having severe health issues in 2004.  (Hudson Decl. ¶ 4 (Docket No. 24).)  Plaintiff provided care to her mother, which caused her to be late to work and occasionally absent.  (Id.)  Plaintiff states that when she had to be late or absent, she called into work and spoke to the

2

manager on duty to inform him or her of the absence or tardiness and explain that she was taking care of her ill mother.[1] (Id. ¶ 5.) Each time, the manager on duty told her that she need not worry, that she should do what she needed to do to care for her mother, and that the tardiness or absence would be excused. (Id.)

Plaintiff's absences and tardies persisted during the period from 2003 to 2011.[2] According to a chart prepared by plaintiff to explain those attendance occurrences during her last year of employment, from the period of November 2010 to March 2011, plaintiff was absent once and tardy nine times where the reason was caring for her mother. (Henderson Decl. Ex. 25 (Docket No. 21-28).) During that same period, plaintiff also noted some tardies were for other reasons, including plaintiff's knee injuries, a welfare appointment, and a doctor's visit. (Id.)

Plaintiff's mother passed away. Thereafter, from June 15, 2011, to July 22, 2011, plaintiff accrued seven more tardies, two absences, and two early departures, both of which

---

[1] In her deposition, plaintiff stated she never requested time off in advance due to a pre-planned or anticipated need to care for her mother. (Hudson Dep. 49:16-18.) Home Depot offers these comments in support of their assertion that plaintiff never requested FMLA leave; however, the deposition does not contradict plaintiff's statement that she notified her employer that her unplanned late arrivals and absences were due to her mother's illness.

[2] Paperwork documenting written counseling indicates that from 2003 to 2009, Home Depot counseled plaintiff regarding her accrued points under the former point system for tardies, absences, and "mispunches." (See Henderson Decl. Exs. 3-20.)

3

she states were excused due to the snow.[3] (Id.) On July 22, 2011, plaintiff received a "final counseling" for her tardies and absences, where she was informed that additional attendance violations could result in termination. (Quanstrom Decl. ¶ 7.) Five days later, on July 27, 2011, plaintiff was again absent from work. (Id. ¶ 8.) Two managers at plaintiff's store, together with the district human resources manager Diana Quanstrom, stated that they believed plaintiff should be terminated because she was unwilling or unable to improve her attendance issues. (Id. ¶ 8.) They reached out to the Home Depot Associate Advice and Counsel Group, which concurred in the decision. (Id.) Home Depot terminated plaintiff on August 6, 2011.

Plaintiff brought a single claim against Home Depot, alleging that Home Depot impermissibly used plaintiff's FMLA-protected leave as a negative factor in its decision to fire her. (Compl. ¶ 24-26.) Home Depot now moves for summary judgment, arguing plaintiff's termination did not violate the FMLA because plaintiffs' absences and tardies were not protected by the act and, in any event, it did not rely on that leave as a negative factor in its decision to terminate plaintiff.

II. Discussion

A. Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the

---

[3] The reasons plaintiff recorded for the tardies were car problems, three of which were marked as "Ok'd." The two absences were recorded as "flu" and "headache." (Henderson Decl. Ex. 28.)

4

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Alternatively, the moving party can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial. Id.

Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting then-Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at

5

255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id.

B. Section 825.220(c)

The FMLA entitles "employees to take reasonable leave for medical reasons, or the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b). The Act permits an employee to take up to twelve weeks of leave during a twelve-month period. Id. § 2612.

Section 825.220 of the federal regulations pursuant to the FMLA provides that "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies." 29 C.F.R. § 825.220(c). Diverging from other circuits, the Ninth Circuit has "explicitly declined" to apply the McDonnell Douglas burden-shifting framework to § 825.220 claims.[4] Xiu Liu v. Amway Corp., 347 F.3d

---

[4] A plaintiff may prove a case of discrimination under federal anti-discrimination law by invoking the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this framework, the plaintiff must first establish a prima facie case showing that 1) she belongs to a protected class of persons; 2) she satisfactorily performed her job; 3) she suffered an adverse employment action; and 4) her employer treated her differently than similarly situated employees not of the same protected class. Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing McDonnell Douglas, 411 U.S. at 802).
  If the plaintiff successfully establishes her prima facie case, the "burden of production, but not persuasion, [] shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." Chuang v.

1125, 1136 (9th Cir. 2003) (citing <u>Bachelder v. Am. W. Airlines</u>, 259 F.3d 1112 (9th Cir. 2001)). In <u>Bachelder</u>, the Ninth Circuit held that although § 825.220(c) "refers to 'discrimination,' [it] actually pertains to the 'interference with the exercise of rights' section of the [FMLA], § 2614(a)(1), not the anti-retaliation or antidiscrimination sections, §§ 2615(a)(2) and (b)." 259 F.3d at 1124. Consequently, rather than using the burden-shifting framework from anti-discrimination law, "[in] order to prevail on her claim . . . [the plaintiff] need only prove by a preponderance of the evidence that her taking of FMLA-protected leave constituted a negative factor in the decision to terminate her." <u>Id.</u> at 1125. Here, plaintiff must thus prove that (1) she took FMLA-protected leave and (2) such leave constituted a negative factor in Home Depot's decision to terminate her employment. <u>Bement v. Cox</u>, Civ. No. 3:12-475 MMD WGC, 2014 WL 4699620, at *4 (D. Nev. Sept. 22, 2014); <u>Jadwin v. County of Kern</u>, 610 F. Supp. 2d 1129, 1159 (E.D. Cal. 2009) (citing <u>Bachelder</u>, 259 F.3d at 1122).

1. <u>FMLA-Protected Leave</u>

As a threshold matter, coverage by the FMLA is limited to employers with over fifty employees, § 825.104, and employees who have worked for the employer for at least twelve months and

---

<u>Univ. of Cal. Davis</u>, 225 F.3d 1115, 1123-24 (9th Cir. 2000) (citing <u>McDonnell Douglas</u>, 411 U.S. at 802). Assuming the employer carries its burden, the plaintiff "must [then] show that the articulated reason[s][are] pretextual 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" <u>Chuang</u>, 225 F.3d at 1124 (citing <u>Tex. Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 256 (1981)).

7

1,250 hours, § 825.110. Parties do not dispute that Home Depot and plaintiff met these requirements, nor do they dispute that plaintiff's mother's condition was serious such that plaintiff's care would have qualified under the Act, see 29 U.S.C. § 2612 (covering leave for care of a parent with a "serious health condition"). Their disagreement is over whether plaintiff provided sufficient notice for the attendance occurrences related to her mother's illness to come within the protection of the FMLA.

Section 825.302 of the Department of Labor regulations covers notice requirements for "foreseeable" FMLA leave. See 29 C.F.R. § 825.302. Where the employee expects a birth or adoption, or knows of planned medical treatment for her or her family member's serious illness, she must provide either thirty days notice, or if that is not possible, she must notify her employer as soon as practicable. Id. § 825.302(a)-(b). "In all cases . . . the determination of when an employee could practicably provide notice must take into account the individual facts and circumstances." Id. § 825.302(b). Where leave is foreseeable, the employee must provide "notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of leave." Id. § 825.302(c). "When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA." Id. Where the employer previously provided FMLA leave for a particular qualifying reason, then "the employee must specifically reference the qualifying reason for leave or the need for FMLA leave." Id.

In all cases, "[i]t is the employer's responsibility to determine whether FMLA leave is appropriate, to inquire as to specific facts to make that determination, and to inform the employee of his or her entitlements." Xin Liu, 347 F.3d at 1134.

According to plaintiff, at least ten of the attendance occurrences cited in her termination letter were attributable to caring for her mother.[5] Plaintiff states that when she had to be tardy or absent to care for her ill mother, she called the Home Depot manager on duty to explain that her mother was the reason she could not be at work. (Hudson Decl. ¶ 5.) HR manager Quanstrom corroborates that plaintiff put Home Depot on notice regarding attendance occurrences related to plaintiff's care for her mother: she says, "when we were discussing the matter and determining what steps to take, we were aware that Ms. Hudson had been caring for her mother, who had died three months earlier . . . ."[6] Defendant nonetheless took the position at oral argument that none of plaintiff's supervisors were aware that plaintiff's absences were related to caring for her mother. At best, there is thus a disputed issue of material fact regarding whether plaintiff's supervisors were made aware that plaintiff's

---

[5] The August 6, 2011 termination letter listed thirty-four attendance occurrences that contributed to her dismissal. (Henderson Decl. Ex. 23 (Docket No. 21-26).) Plaintiff made a chart explaining those occurrences. (See Henderson Decl. Ex. 25 (Docket No. 21-26).) According to the chart, at least ten occurrences were attributable to caring for her mother. (Id.)

[6] Quanstrom goes on to state that although Home Depot was aware of the reasons for plaintiff's absences on those certain occasion relating to her mother, "[w]e did not consider any attendance issues related to the care of Ms. Hudson's mother when we reached our decision to terminate her employment." (Quanstrom Decl. ¶ 9.)

9

attendance occurrences were attributable to providing care for her mother.

The issue then becomes whether plaintiff's notice was sufficient. The record is silent on the "individual facts and circumstances" surrounding each attendance occurrence, making it difficult for the court to determine whether plaintiff's notice was sufficient. See 29 C.F.R. § 825.302(b). Plaintiff, however, stated that none of the absences related to her mother's care were preplanned. (Hudson Dep. at 49:16-22). This suggests that the tardies or absences were not "foreseeable," such that § 825.302 should even apply.[7] If any tardies or absences were foreseeable, there is at least a triable issue as to whether plaintiff's phone calls to the store constituted notice "as soon as practicable." Because plaintiff was not required to expressly invoke the FMLA, see 29 C.F.R. § 825.302(c),[8] the burden would have then shifted to Home Depot to determine, on each occasion,

---

[7] Some courts have held that an employee must provide her employer notice even when the absence is unforeseeable. See Aubuchon v. Knauf Fiberglas, GMBH, 240 F. Supp. 2d 859, 865 (S.D. Ind. 2003) ("Where leave is not foreseeable, the employee must provide notice 'as soon as practicable.'") (citing Collins v. NTN-Bower Corp., 272 F.3d 1006, 1008 (7th Cir. 2001). Even under this rule, a factual inquiry must be conducted into the circumstances to determine when it would have been practicable to give notice. 29 C.F.R. § 825.302(b).

[8] Plaintiff would have perhaps been required to expressly request "FMLA leave" if Home Depot had previously afforded her leave for the purpose of caring for her mother. See § 825.302 (c). However, nothing in the record suggests that Home Depot ever expressly granted plaintiff FMLA-qualified leave. Plaintiff was therefore not required to expressly invoke the FMLA when she informed her managers that she would be late or absent due to her mother's illness.

10

whether plaintiff's absences or tardies were qualifying. See Xin Liu, 347 F.3d at 1134. A reasonable jury could thus conclude that at least ten of plaintiff's tardies and absences in her last year of employment qualify as FMLA-protected leave.[9] Id.

"In the case of medical conditions, the employer may find it necessary to inquire further to determine if the leave is because of a serious health condition and may request medical certification to support the need for such leave." 29 C.F.R. § 825.302(c). Failure to respond "may result in denial of FMLA protection if the employer is unable to determine whether the leave is FMLA qualifying." Id.

Quanstrom states that in 2004 or 2005, when she learned plaintiff was caring for her ill mother, she asked her to provide medical certification relating to her mother's illness so that any resulting absences would be covered by the FMLA. (Quanstrom Decl. ¶ 13.) She further states plaintiff responded that she did not want to take FMLA leave because she could not afford it. (Id.) Plaintiff, however, denies that this conversation ever took place. (Hudson Decl. ¶ 8.) There is accordingly a factual dispute over whether plaintiff was ever asked to provide medical certification. Whether plaintiff failed to respond to Home Depot's request for medical certification, potentially precluding her from claiming leave related to her mother was FMLA-protected, remains a genuine dispute of material fact.

2. Negative Factor

---

[9] As previously discussed, defendant does not dispute that plaintiff's mother's condition was serious enough for plaintiff to qualify for leave under the FMLA. See 29 U.S.C. § 2612.

11

Under § 825.220(c), it is impermissible for an employer to use FMLA-protected leave "as a negative factor at all" in its decision to fire an employee. Bachelder, 259 F.3d at 1131. Plaintiff "can prove this claim, as one might any ordinary statutory claim, by using either direct or circumstantial evidence, or both." Id. at 1125.

Quanstrom states that when she and store managers conferred, they did not consider any attendance issues related to the care of Ms. Hudson's mother when they reached the decision to terminate plaintiff's employment. A July 27, 2011 report, which documented phone calls between the Associate Store Manager and the Associate Advice and Counsel Group regarding plaintiff, noted the Associate Store Manager stated that "the associate was taking care of her mother, who recently died. But those days are not addressed concerning her attendance issues." (Henderson Decl. Ex. 22 (Docket No. 21-25).) However, the August 6, 2011 termination report states, "Schedule adherence is essential to ensure that the appropriate levels of staffing are available to meet our customer's need. As of today [plaintiff] has had thirty-four occurrences." (Id. Ex. 23 (Docket No. 21-26).) Several of the noted attendance occurrences in the termination notice (September 1 and 25, October 24 and 26, December 17 and 23, 2010) were, according to plaintiff, related to caring for her mother. (See id.; Ex. 25.) There is thus a genuine dispute of material fact such that a reasonable juror could conclude that Home Depot relied on FMLA-protected attendance occurrences as a "negative factor at all" in plaintiff's termination.

Other circuits have held that an employer does not

violate § 825.220 when it would have fired an employee regardless of the FMLA-protected leave. In <u>Conoshenti v. Public Service Electric and Gas Company</u>, the plaintiff's ninety-two absences, which exceeded the twelve weeks or eighty-four-day maximum the FMLA protects, violated the "Last Chance Agreement" he had signed with his employer. 364 F.3d 135, 148 (3d Cir. 2004). The plaintiff in that case conceded that any violation of the Agreement would have automatically qualified him for termination. <u>Id.</u> The court concluded that the record indicated that with the FMLA-protected leave removed from the calculus, it would have nevertheless made the same decision. <u>Id.</u> Similarly, in <u>Smith v. Medpointe Healthcare</u>, the court affirmed summary judgment for employer even though its termination letter identified FMLA-protected leave as part of the reason for terminating the employee, because the employer had "just cause" to terminate the employee due to her other non-FMLA leave which violated its absence policy. 338 Fed. Appx. 230, 234 (3d Cir. 2009). Accordingly, Home Depot argues that the fourteen non-FMLA attendance occurrences during plaintiff's final year of employment, "standing alone, were sufficient to terminate [plaintiff's] employment, as a matter of law." (Def.'s Mem. at 2.)

In <u>Bachelder</u>, the Ninth Circuit clearly contemplated a set of facts similar to <u>Conoshenti</u> and <u>Smith</u> and applied a more lenient standard to a "negative factor" claim:

> America West does not seriously contend that, even though it considered an impermissible reason in firing Bachelder, it would have fired her anyway for the

13

<u>other two reasons alone. Even had it made such an argument, of course, the regulations clearly prohibit the use of FMLA-protected leave as a negative factor at all.</u> Therefore no further inquiry on the question whether America West violated the statue in discharging Bachelder is necessary.

Bachelder, 259 F.3d at 1131 (emphasis added). In the Ninth Circuit, even if the FMLA-protected leave was not a but-for cause of the decision to terminate an employee, that does not necessarily preclude an employee from prevailing under § 825.220(c) where the leave was a factor "at all." See also Xiu Liu, 347 F.3d at 1136 (holding that summary judgment was not appropriate where there was sufficient evidence that a supervisor's evaluation, in which he took FMLA-protected leave into account in giving employee a low score, played a "central" factor in her termination).[10] From the termination letter, which notes FMLA-protected leave as grounds for dismissal, the jury could reasonably conclude that Home Depot used the leave as a

---

[10] Home Depot cites two Ninth Circuit cases in support of its argument that plaintiff cannot prevail because her other non-FMLA-qualifying absences would have been sufficient grounds for termination. (See Def.'s Reply at 4 (Docket No. 27).) The first case, Buckman v. MCI World Com Inc., is inapposite. The court in Buckman did not discuss the causation requirements of the "negative factor" prong, because it determined plaintiff's leave was not qualifying for lack of proper notice. See Buckman v. MCI World Com Inc., 374 Fed. Appx. 719, 720 (9th Cir. 2010) (holding that leave was not FMLA-qualifying because plaintiff failed to provide notice in accordance with employer policy). The second case, Cooper v. T-Mobile USA, is distinguishable, because the court found there was insufficient evidence in the record suggesting that plaintiff had been terminated for any reason other than her long history of objective complaints and discipline. See 302 Fed. Appx. 581 (9th Cir. 2008). Here, plaintiff has provided sufficient direct evidence, the termination report, that Home Depot considered plaintiff's FMLA leave as a negative factor.

14

negative factor, even if plaintiffs' other attendance occurrences would have, in theory, been sufficient for plaintiff's dismissal.

The key issues of material fact in this case--whether plaintiff's supervisors were aware that her absences and tardies were due to caring for her mother, whether plaintiff was ever asked to certify her mother's condition, and whether defendant relied on FMLA-protected attendance occurrences in its termination decision--are all disputed and should be decided by a jury. Accordingly, it would be inappropriate for the court to grant summary judgment at this time.

IT IS THEREFORE ORDERED THAT defendant's motion for summary judgment be, and the same hereby is, DENIED.

Dated: January 29, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

15